James V. Lawrence, as Surviving Partner of the Firm of Law-
rence Brothers, Appellant, *v.* The Mayor, Aldermen and
Commonalty of the City of New York, Respondent.

*Building contract — engineer's estimate — when conclusive.*

A contract for the construction of an arch over a city street provided that, to
prevent all disputes and litigations, it was further agreed by and between the
parties to the contract that the engineer should in all cases determine the
amount or the quantity of the several kinds of work which were to be paid for
under the contract, and should determine all questions in relation to the work
and construction thereof, and in all cases decide every question which might
arise relative to the execution of the contract on the part of the contractor, and
that his estimate and decision should be final and conclusive, and that such
estimate and decision in case any question should arise should be a condition
precedent to the right of the party of the second part to receive any money
under the agreement. The contractor was to furnish the material for the
structure, but it was contemplated that a portion of the cut stone should be
taken from an existing arch. This stone having been ascertained to be unfit
for the purpose, new stone was furnished by the city as a substitute.

*Held,* that the contractor, who was to be paid a certain price for the cut stone
masonry, was concluded by the decision of the engineer as to the number of
cubic yards of such masonry for which he was to receive payment.

Appeal by the plaintiff, James V. Lawrence, as surviving part-
ner of the firm of Lawrence Brothers, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of New York on the 7th day of January,
1898, upon the dismissal of the complaint by direction of the court
after a trial at the New York Trial Term.

*Joseph F. Daly,* for the appellant.

*Chase Mellen,* for the respondent.

Patterson, J. :

The subject of inquiry in this case is, whether the plaintiff's
assignors were entitled to be paid under the contract set forth in the
complaint, for 727 cubic yards of cut stone masonry, or only for
64 cubic yards thereof. On a construction of all the material
parts of the contract relating to that subject, the court below
held that the plaintiff could recover only for the 64 cubic yards.

The contract was entered into between the plaintiff's assignors and the department of public works of the city of New York, and related to the building of an arch in connection with the Croton aqueduct across an avenue in the city of Yonkers. The contractors were to be paid certain prices, according to the quantity and quality of the work done. They were to furnish the material, but part of that material it was contemplated should be taken from an existing arch and used in the new structure. The contract provided for cut stone masonry and for general stone masonry. For the former the contractor was to be paid forty dollars per cubic yard, and for the latter only two dollars a cubic yard. It appears that, during the progress of the work, it was ascertained that the stone in the old arch would not answer the purpose for which it was required, and thereupon a question arose with relation to new stone, which might fall within the description of cut stone, being supplied by the contractors. That this was a subject of discussion is plain, and the contractors were notified by the engineer of the department of public works that an order would not be given to them to supply that stone, because it would involve too large an expenditure of money. While this difference between the parties was pending, the department of public works bought from a quarryman a sufficient quantity of stone for the new arch to take the place of what was originally intended to be used from the old arch. The plaintiff's assignors neither paid for that stone nor for its transportation, but the department of public works delivered it at the work and the contractors used it. The contractors now claim to be paid for it at the rate of forty dollars a cubic yard. That there was some difference between the parties with respect to stone was shown. It was one of the stipulations of the contract that, in case of any dispute concerning its terms or concerning performance, the decision of the engineer should be final and conclusive. There is no question of fraud or of arbitrary interference involved.

Clause " B " annexed to the contract provided that, to prevent all disputes and litigations, it was further agreed by and between the parties to the contract that the engineer should in all cases determine the amount or the quantity of the several kinds of work which were to be paid for under the contract, and should determine all questions in relation to the work and construction thereof, and

in all cases decide every question that might arise relative to the execution of the contract on the part of the contractor; and that his estimate and decision should be final and conclusive, and that such estimate and decision, in case any question should arise, should be a condition precedent to the right of the party of the second part to receive any money under the agreement.

The engineer's determination under the existing circumstances that only sixty-four cubic yards of cut stone masonry were to be paid for is conclusive, under the terms of the contract. The plaintiff's assignors received the stone from the city without expense, precisely as they would have taken the stone from the old arch, and used it in substitution for the old stone. If they had declined to use the stone, a different question would be presented, but they accepted that which the city supplied, without objection, and there is no legal reason, and certainly no equitable one, why they should recover against the city the large sum they demand on account of the substitution of the one stone for the other accepted by them and used by them in the work, apparently without protest.

The judgment appealed from, we think, was right, and should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.